UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FILED
SEP 13 2010
DAVID CREWS, CLERK
By_____ Deputy

Nancy Moore,

    Plaintiff,

v.

Franklin Collection Service, Inc.,

    Defendant.

Case No.: 1:10CV222-M-D

COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF

JURY DEMAND ENDORSED HEREIN

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person that has resided in Northport, Alabama at all times relevant to this action.

3. Defendant is a Mississippi corporation that has maintained its principal place of business in Tupelo, Mississippi at all times relevant to this action.

4. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

5. As described below, Defendant attempted to collect from Plaintiff a "debt" as defined by 15 U.S.C. §1692a(5).

6. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

7. On or around May 13, 2010, Defendant telephoned Plaintiff in connection with the collection of the debt.

8. During this communication, Defendant falsely represented that Defendant had already initiated proceedings to obtain a judgment against Plaintiff and that Plaintiff would receive a summons in the mail.

9. On or around May 14, 2010, Defendant mailed Plaintiff a letter containing the following statement: "This is to notify you that we have verified your employment with Nationwide Ins. Our next step is to request that our client approve a civil lawsuit against you unless you contact our office and pay the balance in full. When our client approves litigation against you, you will receive notification from an attorney licensed in your state".

10. On or around May 14, 2010, Defendant telephoned Plaintiff at her place of employment in connection with the collection of the debt.

11. During this communication, Plaintiff informed Defendant that she could not speak to Defendant while she was at work because such communications were inconvenient for her.

12. Despite Plaintiff's notice, Defendant again telephoned Plaintiff at her place of employment in connection with the collection of the debt on or around July 20, 2010.

13. During this communication, Defendant demanded to speak to Plaintiff's human resources department and falsely represented that it needed to speak to Plaintiff's human resources department about a garnishment of Plaintiff's wages.

14. At the time of this communication, Defendant had no legitimate reason to speak to Plaintiff's human resources department as it had already "verified employment".

15. On or around July 20, 2010, Defendant mailed Plaintiff another letter containing the following statement: "This is to notify you that we have verified your employment with Nationwide Ins. Our next step is to request that our client approve a civil lawsuit against you

unless you contact our office and pay the balance in full. When our client approves litigation against you, you will receive notification from an attorney licensed in your state".

16. As described above, Defendant repeatedly made contradictory statements that were misleading with respect to the existence and/or possibility of legal proceedings against Plaintiff with respect to the debt. On several occasions Defendant claimed or implied that legal proceedings had already begun against Plaintiff and on several other occasions, Defendant claimed that its "next step" was to request that its client initiate legal proceedings against Plaintiff unless the debt was paid in full, when in fact Defendant's "next step" was to simply to continue dunning Plaintiff for the debt.

17. Defendant caused Plaintiff emotional distress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## JURY DEMAND

23. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

24. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ John O. Windsor
John O. Windsor, MS Bar # 102155
Macey & Aleman, P.C. – Of Counsel
2906 North State Street, Suite 216
Jackson, MS 39296
Telephone: (601)-376-9699
Facsimile: (601)-510-1083
Email: john@fondrenlawyer.com